
EOD
01/11/2008

IN THE UNITED STATES BANKRTUPCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JAMES MICHAEL WHITE | § | Case No. 06-41718 |
| and JENELLE ANN WHITE, | § | (Chapter 7) |
| Debtors. | § | |

| | | |
|---|---|---|
| JAMES MICHAEL WHITE, | § | |
| Plaintiff, | § | Adv. Proc. No. 06-4225 |
| | § | |
| v. | § | |
| | § | |
| EDUCATIONAL CREDIT | § | |
| MANAGEMENT CORPORATION, | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. NATURE OF THE DISPUTE

James Michael White ("Plaintiff") initiated this adversary proceeding by filing a pro se complaint seeking to obtain a hardship discharge of his student loans under 11 U.S.C. §523(a)(8). In the underlying Chapter 7 bankruptcy, Plaintiff received a discharge of all his debts except for the indebtedness which is the subject of this adversary proceeding. Plaintiff's outstanding obligation to Educational Credit Management Corporation ("Defendant" or "ECMC") was approximately $46,666.43 at the time of trial.

### B. JURISDICTION

A proceeding seeking a determination of the dischargeability of a debt raises a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(I) and 1334.

1

## C.  FINDINGS OF FACT

1. Plaintiff is married to Jenelle Ann White.  Plaintiff and his wife filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2006.

2. Plaintiff works as a manufacturing consultant on a contract basis for several different companies.  Plaintiff's wife works as a mortgage loan processor for DHI Mortgage.  Plaintiff and his wife have no dependents.

3. Plaintiff and his wife received a general discharge of their debts on March 7, 2007 in the main bankruptcy case associated with this adversary proceeding.

4. Plaintiff took on-line courses from the University of Phoenix from March 1997 to June 2003, earning a Master's Degree in Business.  Plaintiff's cumulative GPA for his course hours at the University of Phoenix in obtaining his Master's Degree in Business was 3.44 on a four point scale.

5. Plaintiff was born on June 7, 1949.  Plaintiff was 48 years old at the time he began work on his Master's Degree and 54 years old at the time he completed his Master's Degree.  Plaintiff was 58 years old at the time of trial.

6. Plaintiff was diagnosed with diabetes prior to beginning work on his Master's Degree.  Plaintiff has suffered from various illnesses related to his diabetes since May 2006, including kidney stones, acute kidney failure, pain in his lower extremities, and deterioration in his vision.  Plaintiff has struggled to control his diabetes since May 2006, and the amount of medication he is required to consume has significantly increased.

7. Plaintiff owes student loans from his enrollment and the obtaining of his Master's Degree from the University of Phoenix.  Plaintiff's student loan debt was made, insured or

2

guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or are for an obligation to repay funds used or received as an educational benefit, scholarship or stipend, as described in §523(a)(8) of the Bankruptcy Code.

8. Plaintiff applied for the consolidation of his student loan debt on June 25, 2004. The balance of the consolidated student loan debt totaled $46,555.43 as of July 15, 2007, including unpaid interest of $909.96. Interest accrues at the rate of $3.91 per day.

9. After Plaintiff filed for bankruptcy, ECMC was assigned the student loans which are the subject of this litigation. Defendant ECMC was substituted in place of the originally named Defendant, American Education Service, pursuant to an order entered by the Court on November 29, 2006.

10. Plaintiff's standard of living is more than "minimal," and Plaintiff's own bankruptcy schedules show that Plaintiff has the financial ability to make at least some payments on his student loan debt. According to the Amended Schedule I filed by Plaintiff and his wife in the underlying bankruptcy case, their monthly net income was $5,513.00 as of March 6, 2007, which sum included $2,598.00 from the Debtor and $2,915.00 from the Debtor's wife. According to their Amended Schedule J, their monthly expenditures totaled $5,587.22 as of March 6, 2007, which sum included $600.00 per month for food; $100.00 per month for clothes; $75.00 per month for entertainment; $884.00 per month in auto installment payments; $1,835 per month in mortgage payments; and $234.00 per month for the student loan debt.

11. The joint tax returns for Plaintiff and his wife listed an adjusted gross income of $93,997.00 for year 2001, $105,437.00 for year 2002, $151,509.00 for year 2003, $92,727.00 for

3

year 2004, and $85,001.00 for year 2005. The W-2's for Plaintiff and his wife, received for year 2006, reflected combined gross income of $99,365.18.

12. At the trial on August 20, 2007, Plaintiff did not present evidence that, if forced to repay the loan, his health issues would preclude him from maintaining a minimal standard of living for a significant portion of the repayment period.[1] While ECMC's exhibits reflected that Plaintiff had made approximately $6,076 in pre-bankruptcy payments on his student loan debt, Plaintiff did not present evidence of his pre-bankruptcy efforts, if any, to minimize his expenses, to negotiate with his lender, or to find alternative employment that might better accommodate his current medical condition. Among other factors considered, the Court notes that Plaintiff has not applied to the William D. Ford Direct Loan Program, including the consolidation options and repayment plans and Income Contingent Repayment Program, offered by the U.S. Department of Education under such Direct Loan Program.

### D. CONCLUSIONS OF LAW

As the Court discussed in its oral ruling at the conclusion of trial, *United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003) provides the law controlling this case. In *Gerhardt*, the Fifth Circuit adopted the three prong *Brunner* test, which requires a plaintiff seeking to discharge student loans to prove that: (1) based on current income and expenses, the plaintiff cannot maintain a "minimal" standard of living for himself and his dependents if forced to repay the loan; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student

---

[1] Plaintiff attempted to corroborate his testimony with a written report from one of his treating physicians. As a pro se litigant, however, he lacked the legal sophistication to overcome ECMC's evidentiary objections. Plaintiff's exhibit, had it been admitted, would have provided some corroboration of his current medical condition, but it would not have provided any evidence regarding his prognosis.

4

loans; and (3) the plaintiff has made a good faith effort to repay the loans.  For the reasons stated on the record, the Court finds and concludes that Plaintiff has failed to sustain his burden of proof with respect to each of the three prongs of the *Brunner* test.  A separate Judgment will be entered consistent with these Findings of Fact and Conclusions of Law.

Signed on 1/11/2008

_Brenda T. Rhoades_   MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE